UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARRYL S. SCOTT, Petitioner,

        Petitioner,

        -v-                              08-CV-0145(MAT)
                                                  **ORDER**

D. UNGER, Superintendent,

        Respondent.

---

## I. Introduction

On August 16, 2010, this Court denied petitioner Darryl Scott's ("petitioner") *pro se* petition (Dkt. #1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #25). Petitioner now moves for permission to file a motion for reconsideration of the Court's Decision and Order (Dkt. #27) and for an extension of time to file a notice of appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure (Dkt. #28).

## II. Motion for Reconsideration

To the extent that petitioner seeks "permission to file a motion for reconsideration," the Court will treat petitioner's motion as though he had brought it pursuant to Fed.R.Civ.P. 60(b), seeking relief from the judgment[1] entered by this Court on August 17, 2010 which dismissed petitioner's habeas corpus action (Dkt. ##25, 26). Because petitioner has stated no grounds on which the Court may reopen his habeas petition, the motion (Dkt. #27) is

---

[1] "The Federal Rules do not expressly provide for reconsideration[.]" Young v. Poff, No. 04CV320, 2006 WL 1455482, *2 (W.D.N.Y. May 22, 2006) (Scott, M.J.) (citing Sierra Club v. Tri-State Generation & Transmission Ass'n, 173 F.R.D. 275 (D.Colo.1997)).

dismissed without prejudice to re-file within 30 days a motion stating the grounds on which he is entitled to *vacatur* of the judgment.

### III. Extension of Time to Appeal

Pursuant to Rule 4(a)(5)(A), the Court may extend the time to file a notice of appeal when two conditions are met. First, the motion seeking an extension must be made no later than 30 days after the expiration of the time originally prescribed by Rule 4(a), (here, 30 days after the judgment was entered). Fed.R.App.P. 4(a)(5)(A)(i); Cohen v. Empire Blue Cross & Blue Shield, 142 F.3d 116, 118 (2d Cir. 1998) (*per curiam*) ("The district court ... lacks jurisdiction to grant any extension motion that is not filed within Rule 4(a)(5)'s 30-day 'grace period.'"). Second, the party seeking the extension must show "excusable neglect or good cause." Fed.R.App.P. 4(a)(5)(A)(ii). In any event, no extension under Rule 4(a)(5) may exceed 30 days after the expiration of the time originally prescribed by Rule 4(a), or 14 days after the date when the order granting the motion is entered, whichever is later. Fed. R.App.P. 4(a)(5)(C).

In this case, judgment was entered denying the petitioner's habeas corpus petition on August 17, 2010. The Court declined to issue a certificate of appealability because the petitioner had failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). The time to file a notice of appeal, which the Court of Appeals would have treated as a

request for a certificate of appealability pursuant to Federal Rule of Appellate Procedure 22(b)(2), expired 30 days later on September 16, 2010. The time to file a motion seeking an extension of time expired 30 days thereafter on October 16, 2010. Accordingly, petitioner's motion seeking an extension of time, filed on September 23, 2010, was timely under Rule 4.

Petitioner alleges that he has "good cause" for his failure to file an appeal within 30 days because he was confined to the Special Housing Unit ("SHU") while incarcerated and did not have access to legal material. The Court agrees that this constitutes good cause or excusable neglect to grant the motion pursuant to Rule 4(a)(5)(ii). E.g., Jones v. Walsh, No. 06 Civ. 225(JGK), 2008 WL 586270, *1 (S.D.N.Y. March 4, 2008) (prisoner's inability to access law library constitutes good cause for purposes of Rule 4).

## IV.  Conclusion

Accordingly, petitioner's motion for reconsideration (Dkt. #27) is dismissed without prejudice to refiling within 30 days.

Further, the petitioner's motion for an extension of time to file a notice of appeal is granted (Dkt. #28). The petitioner's time to file a notice of appeal is extended 14 days from the date of this order. See Fed.R.App.P. 4(a)(5)(C).

**SO ORDERED.**

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated: March 17, 2011
      Rochester, New York